# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN TYRONE SCOTT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. CIV 16-572-RAW-KEW |
| | ) |
| JASON BRYANT, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as second and successive (Dkt. 8). Petitioner, a pro se state inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, is challenging his convictions and sentences in Okmulgee County District Court Case No. CF-2000-5044. He raises three grounds for relief:

I.  Denial of due process when Petitioner never was accused of Assault and Battery with a Dangerous Weapon.

II. Denial of due process when Petitioner never was accused of Unauthorized Use of a Motor Vehicle.

III. Sentencing judge entered Malicious Injury to Property as a felony, with a more stringent sentence than what was instructed to the jury for the misdemeanor offense.

Respondent alleges the petition must be dismissed as second and successive. The record shows Petitioner filed his first petition for a writ of habeas corpus in this Court on November 19, 2003, and it was dismissed for failure to exhaust state court remedies. *Scott*

*v. Franklin*, No. CIV 03-641-RAW-KEW (E.D. Okla. Sept. 10, 2004), *aff'd* No. 04-7097 (10th Cir. Feb. 18, 2005).[1]  On July 30, 2008, he filed a second petition for habeas corpus relief in this Court in Case No. CIV 08-287-RAW-KEW.  On November 19, 2008, the petition was dismissed as barred by the statute of limitations, and the Tenth Circuit Court of Appeals denied a certificate of appealability in *Scott v. Parker*, No. 08-7118, 317 Fed. App'x 758 (10th Cir. Mar. 16, 2009), *cert. denied*, 558 U.S. 903 (2009).

The habeas corpus petition now before the Court is unauthorized, because Petitioner failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A).  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  *Id.*  Petitioner's failure to obtain authorization is undisputed, leaving only the question of whether to dismiss the petition for lack of jurisdiction or, "if it is in the interest of justice," transfer the amended petition to the Court of Appeals for possible authorization.  *In re Cline*, 531 F.3d 1249, 1251-52 (10th Cir. 2008).  It is, however, a waste of judicial resources to require the transfer of a frivolous, time-barred case.  *Id*. at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

Here, the Court finds Petitioner's present claims clearly are barred by the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1).  Petitioner's second habeas petition in Case

---

[1] "[T]he court is permitted to take judicial notice of its own files and records . . . ." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds* by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

No. CIV 08-287-RAW-KEW, filed on July 30, 2008, was dismissed as time-barred. This present petition, filed more than eight years later on December 23, 2016, also is untimely.

Petitioner argues in his response to the motion to dismiss that extraordinary factors prevented him from asserting his constitutional claims for federal habeas review within the statutory one-year limitation period (Dkt. 10 at 2). He alleges the adversary's conduct, the prosecutor's different charges not in the indictment or information, retained counsel's failure to utilize potent impeachment evidence, and the trial court's intentional impediments to access of trial transcripts and orders support equitable tolling of the limitation period. *Id.* Petitioner further asserts that "[h]ad this actual innocence evidence been available to the jury at trial," his innocence would not be debatable. *Id*.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances," *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003), and a petitioner carries the burden of establishing equitable tolling, *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). The Court finds that apart from his unsupported allegations, there is no evidence in the record to suggest he is actually innocent of the charges of which he stands convicted, or that uncontrollable circumstances impeded him from timely filing his federal claim. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Therefore, the

3

petition must be dismissed for lack of jurisdiction as an unauthorized and untimely successive petition.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss petition as second and succesive (Dkt. 8) is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 30th day of August 2017.

**Dated this 30th day of August, 2017.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma