# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRIAN TYRONE SCOTT,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV 16-572-RAW-KEW |
| | ) | |
| **JASON BRYANT, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

On August 30, 2017, the Court dismissed Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 as second or successive (Dkt. 11). The Court also found the petition was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *Id.*[1] Petitioner subsequently filed a motion for reconsideration of the petition (Dkt. 13), alleging that "some extraordinary circumstance stood in his way" of filing a timely petition. He further claims the state court lacked jurisdiction, because his crime occurred on Indian land. He does not challenge the Court's finding that the petition was second or successive. Because Petitioner filed his motion 19 days after final judgment was entered against him, the Court construes it as a motion to alter or amend the judgment pursuant to

---

[1] This is Petitioner's third habeas corpus action in this Court. The record shows Petitioner filed his first petition for a writ of habeas corpus on November 19, 2003, and it was dismissed for failure to exhaust state court remedies. *Scott v. Franklin*, No. CIV 03-641-RAW-KEW (E.D. Okla. Sept. 10, 2004), *aff'd*, No. 04-7097, 122 F. App'x 980 (10th Cir. 2005). On July 30, 2008, he filed a second habeas petition in Case No. CIV 08-287-RAW-KEW. On November 19, 2008, the second petition was dismissed as barred by the statute of limitations, and the Tenth Circuit Court of Appeals affirmed in Case No. 08-7118, 317 Fed. App'x 758 (10th Cir.), *cert. denied*, 558 U.S. 903 (2009).

Fed. R. Civ. P. 59(e).

The Court may reconsider a final decision if the moving party shows "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted). The Court "is vested with considerable discretion" in determining whether to grant or deny such a motion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996). Rule 59(e), however, does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier. *Id*. "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 270 F.Supp. 2d 1130, 1132 (D. Kan. 2005) (citation omitted), *aff'd*, 191 F. App'x 822 (10th Cir. 2006). Granting a motion to alter or amend is an "extraordinary remedy which is used sparingly," in recognition of the interests in finality and the conservation of judicial resources. *Torre v. Federated Mut. Ins. Co.*, 906 F. Supp. 616, 619 (D. Colo. 1995), *aff'd*, 124 F.3d 218 (10th Cir. 1997); *cf. Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (discussing related standard under Rule 60(b)).

In the context of a habeas corpus petition, a post-judgment motion may be considered a "second or successive" habeas petition, rather than a "true" Rule 59(e) or 60(b) motion. The distinction matters because a petitioner must obtain authorization from the appropriate Court

2

of Appeals before a district court may hear his second or successive habeas petition. *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing 28 U.S.C. § 2244).

In *Spitznas*, the Tenth Circuit set forth the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas . . . case." *Id*., 464 F.3d at 1216. Rule 59(e) motions are subject to the same analysis. *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (citation omitted). *See also Servants of Paraclete*, 204 F.3d at 1012 ("[A] motion to reconsider filed within [28] days after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion.") (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).[2]

The Court first must determine whether a petitioner's motion for reconsideration should be construed as a "true" [59(e)] motion or a second or successive habeas petition. *Spitznas*, 464 F.3d at 1216. A Rule [59(e)] motion should be treated as a second or successive § 2254 petition, "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Id*. at 1215 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)). "Thus, . . . a Rule [59(e)] motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding." *In re Pickard*, 681

---

[2] Effective December 1, 2009, Rule 59(e) was amended to provide that a motion to alter or amend a judgment may be filed within 28 days after the entry of judgment. Previously, Rule 59(e) provided ten days to file such motions. In *Van Skiver*, 952 F.2d at 1243 n.2, the Tenth Circuit held that if a motion was filed within ten days of a judgment it would be considered pursuant to Rule 59(e), which reflected the time that was given to file under 59(e) at the time of the decision.

3

F.3d 1201, 1206 (10th Cir. 2012).

> Some examples of Rule [59(e)] motions that should be treated as second or successive habeas petitions because they assert or reassert a federal basis for relief from the underlying conviction include: a motion seeking to present a claim of constitutional error omitted from the movant's initial habeas petition, *see Gonzales v. Crosby*, 545 U.S. at 545, 530-31 (2005); a motion seeking leave to present "newly discovered evidence" in order to advance the merits of a claim previously denied, *see id*. at 530; or a motion "seek[ing] vindication of" a habeas claim by challenging the habeas court's previous ruling on the merits of that claim, *id*. at 532.
>
> By contrast, a [59(e)] motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true [59(e)] motion rather than a successive petition. *See id*. at 532-33 & n. 4. Thus, for example, a motion asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations constitutes a true [59(e)] motion. *See id*.

*Spitznas*, 464 F.3d at 1216-17.

In the present case, the Court dismissed Petitioner's petition without prejudice as second or successive and as time-barred. The Court did not engage in a substantive review of any of his claims. After careful review, the Court finds Petitioner's motion presents both a "true" Rule 59(e) motion and another unauthorized second or successive habeas petition.

Petitioner's argument that the Court erroneously found his claims were barred by the statute of limitations constitutes the "true" Rule 59(e) motion. He argues that the Court erroneously found his petition was barred by the statute of limitations, because the second amended judgment in his state criminal conviction and sentence was not filed until February 1, 2005, which was after expiration of the limitation period. This habeas petition, however, was filed on December 23, 2016 (Dkt. 1), almost twelve years after the second amended

4

judgment and sentence allegedly was entered. Therefore, Petitioner's argument regarding the statute of limitations is meritless, and his Rule 59(e) motion must be denied.[3]

Petitioner also presents a new habeas claim that the trial court lacked jurisdiction, which the Court finds constitutes a second or successive habeas petition. Citing *Murphy v. Royal*, 866 F.3d 1164 (10th Cir. (2017), *modified on denial of reh'g en banc*, 875 F.3d 896 (10th Cir. 2017), *cert. granted*, 138 S.Ct. 2026 (2018), he presents arguments related to his tribal membership and the location of his crime. He asserts he is a citizen of the Muscogee (Creek) Nation, and his crimes occurred in Indian Country, within the boundaries of the Muscogee (Creek) Nation Reservation. He argues that under *Murphy*, the State of Oklahoma lacked jurisdiction over his criminal proceedings, and this federal court has exclusive jurisdiction over the prosecution. He further asserts that pursuant to *Murphy*, the Antiterrorism and Effective Death Penalty Act of 1996 does not apply to him. Based on these allegations, he asks this Court to reverse his state court conviction.

This second or successive habeas claim is unauthorized, because Petitioner failed to seek authorization from the Tenth Circuit to file it, pursuant to 28 U.S.C. § 2244(b)(3)(A). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* Petitioner's failure to obtain authorization

---

[3] In Petitioner's appeal of his second habeas corpus action, the Tenth Circuit expressly found this claim regarding the February 1, 2005, amended judgment and sentence did not affect the determination that the second petition was time-barred. *Scott*, No. 08-7118, slip op. at 5, 317 Fed. App'x at 761.

is undisputed, leaving only the question of whether to dismiss the petition or, "if it is in the interest of justice," to transfer the amended petition to the Court of Appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006)).

Further, an applicant seeking authorization to file a second or successive application for writ of habeas corpus must meet the requirements of 28 U.S.C. § 2244(b)(2):

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.*

After careful review, the Court finds Petitioner's *Murphy* claim does not meet the requirements of 28 U.S.C. § 2244(b), and the *Cline* factors weigh heavily against a transfer. The *Murphy* decision is not settled law, because the U.S. Supreme Court has not yet issued

a ruling on the appeal of the Tenth Circuit's decision in that case. Furthermore, under the exhaustion requirement of 28 U.S.C. § 2254(b), "a habeas petitioner challenging a state conviction must first attempt to present his claim in the state court." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *See also Billings v. Bureau of Indian Affairs*, No. CIV-18-397-F, 2018 WL 2189772, at *2 (W.D. Okla. Apr. 26, 2018) (dismissing without prejudice *Murphy* claim in § 2254 habeas petition, based on nonexhaustion) (unpublished report and recommendation), *adopted by district court*, 2018 WL 2187056 (May 11, 2018). Thus, the Court finds it would not be in the interest of justice to transfer Petitioner's *Murphy* claim to the Court of Appeals for possible authorization under 28 U.S.C. § 2244.

**ACCORDINGLY**, Petitioner's motion for reconsideration (Dkt. 13) is DENIED.

**IT IS SO ORDERED** this 30th day of July 2018.

**Dated this 30th day of July, 2018.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma